UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | SECTION \_\_\_\_ |
| BOH BROS CONSTRUCTION | * | |
| CO., L.L.C. | * | MAG. ( ) |

## PLAINTIFF'S INITIAL VERIFIED COMPLAINT

Plaintiff Cashman Equipment Corp. files its Initial Complaint against the named Defendant herein and respectfully shows as follows:

## PARTIES

**1.**

Cashman Equipment Corp. ("Cashman" or "CEC") is a foreign corporation, licensed to do business in the State of Louisiana, with its local office located in Baton Rouge, Louisiana.

**2.**

Boh Bros. Construction Co., L.L.C. ("Boh") is a Louisiana company with its principal place of business in Baton Rouge, Louisiana that is licensed to and doing business in the State of Louisiana and within this District, subjecting it to the jurisdiction of this Court.

## JURISDICTION

**3.**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, in that this

is an action based upon a maritime contract and activities related thereto.

**4.**

Alternatively, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

**5.**

Additionally, to the extent applicable, jurisdiction in this Court is proper pursuant to 28 U.S.C. §1367, in that the claims brought are so interrelated that they are all part of the same controversy.

**VENUE**

**6.**

Venue is proper before this Honorable Court, in that CEC's principal place of business in Louisiana is located within this District, the contracts by and between CEC and Boh were executed within this District, all pursuant to 28 U.S.C. §1391.

**FACTS**

**7.**

In 2005, Boh approached Cashman about chartering and or leasing a crane barge to be used by Boh in certain marine construction projects.

**8.**

Cashman's deck barge, the JMC 95 and Manitowoc 4100 "ringer crane" were available for hire at that time.

**9.**

Boh agreed to hire the barge/crane combination at the rate of $45,000.00 per month.

**10.**

Accordingly, CEC and Boh contracted for the hire of this equipment. Specifically, two discrete documents were executed to form the contract, a Bare Vessel Charter Agreement and an Equipment Rental Agreement (collectively referred to herein as the "Charter Agreement").

**11.**

Pursuant to the Charter Agreement, Boh would be responsible for charter hire at the rate of $45,000.00 per month, as well as all costs associated with the operation of the equipment, as well as any repairs to the crane or barge. If the equipment was returned to Cashman in need of repair, the equipment would remain "on-hire" until the repairs were completed.

**12.**

Additionally, pursuant to the Charter Agreement, the use of the crane was limited to one "single shift" of operation per day.

**13.**

In contravention of the Charter Agreement, Boh operated the crane for a number of hours grossly in excess of the agreed to eight hours per day.

**14.**

In August 2009, Boh brought the JMC 95 and ringer crane to Cashman's facility in Amelia, Louisiana and the equipment was in need of extensive repairs.

**15.**

At that time, Cashman undertook the necessary repairs, for the account of Boh, pursuant to Boh's contractual obligations.

**16.**

Over the course of the rental period and at other times, Boh paid for some repairs to the equipment, but not for all repairs necessitated by Boh's failure to maintain the equipment in a proper condition during the time it was under Boh's care, custody and control.

**17.**

As a result of Boh's neglect, inaction and/or negligence, Cashman was required to make extensive repairs to the equipment and Boh has failed and refused to pay for same.

**18.**

The equipment remained under hire to Boh from May 7, 2005 until January 8, 2009, for a total of 44 months.

**19.**

At present time, Boh has failed and refused to pay the total amount of charter hire owed, including, but not limited to amounts attributable to the usage beyond the contractually agreed upon hours of operation.

**20.**

Boh is also indebted to CEC for unpaid repair costs and charter hire as a result of its multiple breaches of contract.

**21.**

CEC certifies that all conditions precedent have been met.

**22.**

**WHEREFORE,** after due proceedings are held, plaintiff, Cashman Equipment Corp. prays that judgment be granted herein against Defendant, affording to CEC all amounts owed and damages that result from defendant's breach of contract plus costs, interest, and attorney's fees, as well as all other relief appropriate in law, equity or admiralty.

Respectfully submitted:
*SCOTT D. BROWNELL, APLC*

*s/ Scott Brownell*

_____
Scott D. Brownell (Bar #26223)
527 E. Boston St., Suite 201
Covington, La 70433
Telephone: 985-801-0055
Telefax: 985-292-3501
E-mail: scott@sbrownell.com
Attorney for Cashman Equipment Corp.

**PLEASE SERVE:**

**BOH BROS. CONSTRUCTION CO., L.L.C
VIA ITS REGISTERED AGENT
FOR SERVICE OF PROCESS:
MICHAEL G. CULLEN
12203 AIRLINE HWY.
BATON ROUGE, LA 70817**