**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | * | CIVIL ACTION NO.: |
| | * | |
| | * | 3:10-00021 |
| VERSUS | * | |
| | * | |
| | * | JUDGE: SHELLY D. DICK |
| BOH BROS CONSTRUCTION | * | |
| CO., L.L.C. | * | MAG. RICHARD BOURGEOIS |

## SUPPLEMENTAL REASONS FOR JUDGMENT

This maritime breach of contract action came for bench trial on December 16, 2013 through December 18, 2013. After submittal of post-trial briefs, the Court issued *Written Reasons*, together with *Findings of Fact* and *Conclusions of Law* on March 20, 2014.[1] The Court entered *Judgment* as follows:

> Judgment in favor of Cashman Equipment Corp. and against Boh Bros. Construction Co. in the amount of $175,760.00 for unpaid Charter Hire Rates and $53,695.00 for unpaid repair costs. Judgment in favor of Boh Bros. Construction Co. and against Cashman Equipment Corp. in the amount of $213,603.88 for repair work and replacement of parts on Cashman's crane barge.[2]

Cashman moved for a New Trial and Boh Bros. moved to Alter Amend and /or Reconsider the Judgment. More briefs ensued and, on June 3, 2014, the Court entered

---
[1] Rec. Doc. 80.
[2] Rec. Doc. 81.

23888

an *Order* granting in part and denying in part Cashman's *Motion for New Trial or to Correct Judgment*, finding that Cashman was entitled to recover interest on the judgment for unpaid charter payments at the rate of 1 1/2 % per month, to accrue 30 days after the unpaid charter due dates until paid, and amending an error in the Judgment which resulted in an increase in Cashman's final award by $42,683.48.[3] The Court ordered the parties to jointly submit an amended judgment in accordance with the Court's *Order*.[4] Some four months later, the parties jointly informed the Court that they were unable to agree on the means and manner for calculating the interest awarded to Cashman for unpaid charter amounts.[5] The Court ordered the parties to submit briefs, not to exceed five pages, on the interest computation issue.[6] In response to the Court's *Order*, the parties submitted their respective memoranda.[7] In what appears to be an attempt to circumvent the Court-ordered five page briefing limit, Boh Bros.' brief included two pages of single-spaced type. The Court hereby strikes pages four and five of Boh Bros.' memorandum[8] from the record for failure to comply with Local Rule 10.1, which requires that all papers submitted for filing with the Court be double-spaced.[9] Now, the Court turns its attention to the parties' differing positions on how interest should be determined.

---

[3] Rec. Doc. 96. The original Judgment erroneously excluded backcharges or deductions on charter payments taken by Boh Bros. totaling $42,683.48 which the Court held were unauthorized or otherwise impermissible under the parties' agreement.
[4] Rec. Doc. 96.
[5] Rec. Doc. 105.
[6] Rec. Doc. 98.
[7] Rec. Doc. 99; Rec. Doc. 100. The methodology for applying credits and payments for purposes of calculating interest under Louisiana law is not at issue.
[8] Rec. Doc. 100.
[9] The Court directs counsel for Boh Bros. to Local Rule 10.1 which provides as follows: "<u>Form: Statement Regarding Filing of Papers</u>: All papers drafted for filing in this court shall be on 8-1/2 by 11 inch paper, numbered sequentially, and plainly written in ink or printed in no smaller than standard 12-point typeface … and **shall be double spaced**." (emphasis added).

The agreement between the parties provides for contractual interest at the rate of 1½% per month for unpaid charter hire and unpaid equipment rental payments. The Bare Vessel Charter Agreement ("Charter") calls for interest on unpaid charter to accrue beginning 10 days from the original due date[10], whereas the Equipment Lease Agreement calls for interest on unpaid equipment rental payments to accrue beginning, 30 days from the date of the applicable invoice.[11] Using the least onerous interest computation contemplated by the parties, the Court's June 3, 2014 *Order*[12] awarded Cashman interest on unpaid charter and equipment rental payments to commence accruing 30 days from the date payment was due.[13]

The Court awarded Cashman the principal amount of $175,760.00 for unpaid charter and equipment rental payments for the period of time from July 16, 2008 through January 8, 2009.[14] The Court clarified its *Order and Reasons*, finding that Cashman was also entitled to contractual interest (1 ½% per month) on the unpaid charter and equipment rental commencing 30 days from the due date.[15] Cashman contends that contractual interest on unpaid charter and equipment rental payments commenced to accrue on the thirtieth day following <u>each</u> of the individual invoice dates beginning on September 15, 2008 through February 1, 2009. Boh Bros. counters that Cashman failed to offer evidentiary proof establishing when Boh Bros. was invoiced for the charter and equipment rental payments during the subject time period. Thus, Boh

---

[10] Section 4 of the Bare Vessel Charter Agreement. Trial Exhibit J-1.
[11] Section 7(c) of the Equipment Lease Agreement. Trial Exhibit CO1.
[12] Rec. Doc. 96
[13] In Cashman's *Memorandum in Support of its Motion for New Trial or To Correct Judgment*, Cashman noted that if Section 4 of the parties' Charter were deemed enforceable by the Court then "Cashman [did] not object to utilization of the Equipment Lease date, which is most favorable to Boh." Rec. Doc. 82-1, p. 3, n. 9.
[14] Court's Order and Reasons, Rec. Doc. 80, p. 20.
[15] Rec. Doc. 96.

Bros. contends that contractual interest does not commence accruing until April 1, 2009, which is approximately 30 days after Boh Bros. admits that it first received invoices for the charter and equipment rental hire for the period of July 16, 2008 through January 8, 2009.[16] Boh Bros.' argument is persuasive. Furthermore, Cashman concedes that at trial "the timing of the charges was not a consideration and no chronological component was included."[17]

Based on the foregoing, the Court finds that while Cashman proved it was entitled to the principal amount of unpaid charter and equipment rental hire from July of 2008 through January of 2009, Cashman failed to offer proof showing that Boh Bros. was invoiced for these charter and equipment rental periods before March of 2009. The Court concludes that interest at the rate of 1 ½% per month on the unpaid charter and equipment rental payments in the principal amount of $175,760.00 accrues commencing on April 1, 2009. The parties agree that contractual interest on these unpaid charter and equipment rental payments ends on June 3, 2014.[18]

The Court found that Boh Bros. deducted $42,683.48[19] from charter and equipment rental amounts which the Court held were unauthorized or otherwise impermissible under the contract.[20] Because these deductions from the charter and equipment rental payments were not contractually permissible, the deductions amount to unpaid charter and equipment rental payments subject to contractual interest of 1

---

[16] Boh Bros.' witness Ron Brylski testified that Boh Bros. first received invoices for this period of time in March of 2009.
[17] Cashman Memo, Rec. Doc. 99, p. 2.
[18] Rec. Docs. 99-1 and 100-1 and 100-2.
[19] Rec. Doc. 80, Court's Findings of Fact, no. 38.
[20] Rec. Doc. 80, pp. 18-19.

½% per month from the due date of the invoice until paid.[21]  The parties agree that on July 19, 2010, Boh Bros. remitted an unconditional payment of $93,600.00.[22]  Both parties further agree that the $93,600.00 should be applied to fully satisfy the unauthorized deductions of $42,683.48, as well as well as the associated interest amounting to $42,301.52.[23]  Accordingly, the Court finds that no further contractual interest is owed by Boh Bros. on the judgment amount of $42,683.48.

The Court further rejects Cashman's contention that contractual interest is owed on the $53,965.00 awarded to Cashman for unpaid repair costs.[24]  In its *Motion for New Trial or Motion to Amend Judgment* [25] Cashman seeks an award of prejudgment interest.  "[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception, and the trial court has discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable."[26]  Recently, the Eastern District noted the three instances where such "peculiar circumstances" exist: "where plaintiff improperly delayed resolution of an action … where some equitable doctrine counsels against the award, or where the damages award was substantially less than the amount claimed by plaintiff."[27]  In this case, the Court finds that an award of

---

[21] Section 4 of the Bare Vessel Charter Agreement. (Trial Exhibit J-1). Section 7(c) of the Equipment Lease Agreement. (Trial Exhibit CO1).
[22] Rec. Doc. Nos. 99, p. 4, and 100.
[23] Rec. Doc. 99-1 and 100-1. Boh Bros. further stated that it "is willing to accept Cashman's calculations on application of and credit to Boh Bros. for the $93,600.00 tender payment by Boh Bros. in July of 2010." Rec. Doc. 100, p. 3.
[24] Rather disingenuously, Cashman argues that it is entitled to interest on its Off-Hire Repair Costs.  This is not a *Motion for Reconsideration* of the Court's original *Order and Reasons*.  Moreover, the plain language of the parties' Charter Agreement authorizes interest "on all **unpaid charter hire** at the rate of (1 ½ %) one and one half percent per month (10) days after the due date." (emphasis added). Cashman has taken great liberties by arguing that the Court's language awarding Cashman recovery of interest on "unpaid charter amounts" should be, or even could be, construed to include interest on repair damages.
[25] Rec. Doc. 82.
[26] *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.,* 71 F.3d 198, 204 (5th Cir. 1995).
[27] *Offshore Marine Contractors, Inc. v. Palm Energy Offshore,* LLC, 2013 WL 6858911 (E.D.La. 12/30/13).

prejudgment interest to Cashman, in addition to the significant contractual interest awarded would be inequitable. First, Cashman adequately protected its time value of money risk by building late payment interest into its Charter and Equipment Lease agreements. An award of judicial interest in addition to and on top of the contractual interest already awarded would, in this Court's view, constitute an unfair windfall. Secondly, considering Boh Bros. recovery on its Cross Claim, Cashman recovered substantially less than it claimed. Accordingly, Cashman's prayer for an award of prejudgment interest is denied.

*Judgment* shall be entered in accordance herewith.

Signed in Baton Rouge, Louisiana, on November 20, 2014.

*[Signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**